**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------------
                                                    )
  In re:                                    )    Case No. 18-10164 (MG)
                                                    )
       SHAMEKA WATSON,                 )    Chapter 7
                                                    )
                      Debtor.    )
                                                    )
---------------------------------------------------------------------------

**ORDER GRANTING DEBTOR'S MOTION TO REOPEN CASE AND REIMPOSE THE**
**AUTOMATIC STAY**

At a hearing before this Court on December 17, 2019, Shameka Watson ("Debtor"), by and through her counsel, moved for entry of an Order: (1) reopening her chapter 7 bankruptcy case pursuant to 11 U.S.C. § 350 and Bankruptcy Rule 5010 and (2) re-imposing the bankruptcy stay pursuant to 11 U.S.C. §§ 524(a)(2) and 105 on any action to evict the Debtor or terminate her interest in 1119 Bryant Avenue, Apt. 6C, Bronx, NY 10459. ("Motion to Reopen," ECF Doc. # 10-1.) On November 13, 2019, the Court entered an Order to Show Cause requiring Creditor Bryant Avenue Associates I LP ("Landlord") to show cause on December 17, 2019 at 10:00 a.m. why this Court should not enter an order reopening Debtor's case and re-imposing the stay against a state court eviction proceeding. ("Order to Show Cause," ECF Doc. # 13.) Bryant Associates filed an objection to the Debtor's Motion and Debtor filed a reply affirmation. ("Creditor Objection," ECF Doc. # 14; "Debtor's Reply," ECF Doc. # 15.)

Debtor's Motion to Reopen argues that there is sufficient cause to reopen Debtor's case because of Landlord's currently-pending state court action to evict Watson based on *both* the prepetition discharged debt for unpaid rent in the amount of $19,735, and unpaid post-petition rent in the amount of $22,887. *See Bryant Associates v. Shameka Watson,* Index No. L&T 38466/2019 (the "State Court Eviction Proceeding"). Watson's counsel argues that eviction

based on the prepetition discharged debt violates section 524's discharge injunction. (Motion to Reopen ¶¶ 18-19; ECF Doc. # 10-5.) Watson's counsel acknowledged at argument that an eviction proceeding against Watson would be permitted based solely on the post-petition unpaid rent of $22,887.

At the December 17, 2019 hearing, Landlord's counsel would not agree to limit the Landlord's state court eviction proceeding to seek eviction solely based on unpaid post-petition rent. Watson's counsel argues that section 525(a) of the Bankruptcy Code applies to private landlords, such as the Landlord in this case, in connection with Section 8 subsidized housing in which Watson resides, and therefore prevents Watson's eviction based on the discharged debt. The Landlord's counsel argues that section 525(a) does not apply to Section 8 housing in which Watson resides. This is an important issue of bankruptcy law on which there is a split in lower court decisions. Contrary to the argument of Landlord's counsel, this is not an issue that should be left to state court decision. Watson is threatened with irreparable harm if she and her child are evicted from the apartment before this Court can resolve the issue in her case.

Therefore, Debtor's Motion to Reopen is **GRANTED.** The Court also reimposes a stay to prevent the Landlord from proceeding with the State Court Eviction Proceeding, or any other action against the Debtor, pending further order of this Court.

The Court will address the merits issues in this case in due course.

**IT IS SO ORDERED.**

Dated:   December 17, 2019
         New York, New York

                                   ____*Martin Glenn*_____
                                        MARTIN GLENN
                                   United States Bankruptcy Judge